STATE, *ex rel.* A. T. PARKS, v. D. H. SLOAN, JR., as Clerk of the Circuit Court of Polk County.

179 So. 402.

En Banc.

Opinion Filed February 25, 1938.

*H. G. Stephenson, A. Summerlin* and *E. C. Wimberly,* for Relator;

*Cary D. Landis,* Attorney General, and *H. E. Carter* and *Wm. P. Allen,* Assistant Attorney General, for Respondent;

*Sutton, Reeves & Hobbs, Winder H. Surrency* and *Herschel O. Moats,* as *amici curiae.*

TERRELL, J.—The alternative writ herein alleges that Relator is the owner of certain lands in Polk County, Florida, that were sold and certificated to the State, August 5, 1935, for the non payment of State and County taxes, that on November 12, 1937, he (Relator) in writing requested Respondent, as Clerk of the Circuit Court, to advertise and offer to sell said certificates as authorized by Chapter 18296, Acts of 1937, but that said request was rejected.

By his return to the alternative writ, Respondent says that said certificates were not two years old at the time Chapter 18296, Acts of 1937, became effective and are accordingly not subject to sale under said Act.

The return therefore presents the sole question of whether or not Chapter 18296, Acts of 1937, is applicable to tax certificates in the hands of the State that were less than two years old on the effective date of the Act.

In our opinion, his question must be answered in the negative. Sections 1 and 2 and other provisions of the Act show conclusively that it was intended· to apply only to certificates that were more than two years old on the effective date of the Act. The purpose of the Act and the opinion of this Court in Messer v. Lang and in Messer v. Lee, filed October 7, 1937, and reported in 129 Fla. 546, 176 So. 548, is to like effect. The Act dealing with an asset of the State, it was not competent to treat it in the manner it did until the certificates matured which was after they were two years old.

234

We have not overlooked the contention of counsel that certificates which became two years old during the life of the Act should also be construed as coming within its terms and subject to sale thereunder but in our view this contention is without merit. Such an application would unequally affect taxpayers and might for other reasons render the Act invalid.

Some of the counsel who appeared *Amicus Curiae* devoted most of their energy to chiding the Legislature for passing the Act. We might agree with all that counsel say on this point, in fact, let it be admitted that not a member of the Court would have supported the Act if he had been a member of the Legislature; that fact of itself has nothing whatever to do with its validity. Courts have no power to relieve from the operation of a bad law unless it offends against the Constitution. The foolishness or the unwisdom of a legislative Act is not for the Courts to correct.

It follows that the rule nisi must be and is hereby dismissed.

ELLIS, C. J., and WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.